# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Norma Maynard Fallaw,<br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Nancy A. Berryhill,<br>Acting Commissioner of Social Security<br>Administration,[1]<br><br>　　　　　　　Defendant. | Civil Action No.: 6:16-cv-02623-JMC<br><br>**ORDER AND OPINION** |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 32), recommending that the Commissioner's Decision be affirmed. For the reasons stated below, the court **REJECTS** the Magistrate Judge's Report (ECF No. 32).

## I.　　FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the Report (ECF No. 32) is accurate, and the court adopts this summary as its own. The court will only recite herein procedures pertinent to the court's review of the Report (ECF No. 32). On November 9, 2017, Magistrate Judge Kevin F. McDonald filed the Report (ECF No. 32), and on November 27, 2017, Plaintiff timely filed an Objection (ECF No. 35). On December 5, 2017, the Commissioner replied. (ECF No. 37.)

## II.　　JURISDICTION

The court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g) which gives the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn Colvin as the named defendant because she became the Acting Commissioner of Social Security on January 23, 2017.

1

court jurisdiction over a review of a final decision of the Commissioner of Social Security.

## III. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Fed. R. Civ. P. 72(b)(2)-(3). Additionally, pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he [court] may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."

"Although this court may review parts of the Magistrate Judge's [Report] *de novo*, judicial review of the Commissioner's final decision regarding disability benefits 'is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied.'" *Sherby v. Astrue*, 767 F. Supp. 2d 592, 594 (D.S.C. 2010) (citing *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002)). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if h[er] decision is supported by substantial evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Pursuant to 42 U.S.C. 405(g), the court may affirm, modify, or reverse the Commissioner's decision, with or without remanding the cause for a rehearing.

## IV. ANALYSIS

After the ALJ's determination that Plaintiff was not disabled, Plaintiff provided the Appeals Council with additional records including Ms. Powell's opinions regarding Plaintiff's

2

back pain, knee arthritis, hypertension, and hyperlipidemia.[2] (Tr. 453-455). Ms. Powell was a nurse practitioner who had been Plaintiff's family provider since 2005. (Tr. 454.) The Appeals Council considered Ms. Powell's opinions along with other evidence, and found that the additional evidence "did not provide a basis for changing the ALJ's decision." (*Id.* (citing Tr. 5).)

Plaintiff specifically objects to the Magistrate Judge's determination that ". . . the ALJ's decision is supported by substantial evidence and was reached through the application of the correct legal standard." (ECF No. 35 at 1); (*see also* ECF No. 32 at 19.) Plaintiff asserts that the "Magistrate Judge failed to properly apply the law of this Circuit [as to the obligations of the Appeals Council to provide an adequate explanation for rejecting the opinion of Ms. Powell]." (ECF No. 35 at 1.)

Pursuant to *Meyer v. Astrue,* "[ ] if upon consideration of all of the evidence, including any new and material evidence, the Appeals Council finds the ALJ's action, findings, or conclusions not contrary to the weight of the evidence, the Appeals Council can simply deny the request for review." 662 F.3d 700, 705 (4th Cir. 2011) "[N]othing in the Social Security Act or regulations promulgated pursuant to it requires that the Appeals Council explain its rationale for denying review." *Id*.

Plaintiff asserts that the Appeals Council had to provide some explanation for the rejection of Ms. Powell's opinion under SSR 96-8p, 1996 WL 374184 (July 2, 1996) (ECF No. 35 at 2.), however, this assertion is incorrect. In reference to medical opinions, SSR 96-8p states that "[t]he RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the

---

[2] Plaintiff only objects to the Appeals Council's handling of Ms. Powell's evidence. (ECF No. 32 at 15 n.2.)

3

opinion was not adopted." 1996 WL 374184, at *7 (July 2, 1996). The Appeals Council stated that it considered the additional evidence presented and found that the ALJ's determination was not contrary to the evidence, therefore, it did not have to state the reason it denied review. Accordingly, the court finds that the Appeals Council did not err in not explaining its determination.

Although the Appeals Council did not err, the court must still determine if the ALJ's determination is supported by substantial evidence. *See Meyer,* 662 F.3d at 707; *Turner v. Colvin,* No. 0:14-CV-00228-DCN, 2015 WL 751522, at *5 (D.S.C. Feb. 23, 2015) (the court must determine whether the evidence of record before the ALJ, combined with the new evidence "provides an adequate explanation of the Commissioner's Decision.") (citing *Meyer,* 662 F.3d at 707). However, just because Plaintiff introduced new evidence to the Appeals Council does not mean that remand is automatic.[3]

The ALJ noted that "[t]he record does not contain any opinion evidence from the claimant's medical providers." (Tr. 37). The lack of any evidence from any treating physician is similar to the Fourth Circuit's remand of the claimant's case in *Meyer*, where "[t]he ALJ emphasized that the record before it lacked 'restrictions placed on the claimant by a treating physician,' suggesting that this evidentiary gap played a role in its decision." 662 F.3d at 707. Ms. Powell was a medical

---

[3] *See also Spencer v. Comm'r of Soc. Sec. Admin.*, No. CV 1:16-1735-JMC-SVH, 2017 WL 1379605, at *11 (D.S.C. Jan. 31, 2017), *report and recommendation adopted sub nom. Spencer v. Berryhill*, No. 1:16-CV-01735-JMC, 2017 WL 1364116 (D.S.C. Apr. 14, 2017) ("[T]he undersigned notes that the Fourth Circuit did not specify in Meyer that remand would be appropriate in all cases where a treating physician's opinion was first submitted to the Appeals Council. Furthermore, it makes little sense to create an incentive for claimants to avoid submitting treating physicians' opinions to the ALJ by allowing for blanket remand where such opinions are submitted first to the Appeals Council."); *Laura Wilson, Plaintiff, v. Nancy A. Berryhill, Acting Comm'r of Soc. Sec. Admin., Defendant.*, No. 6:16-3353-BHH, 2018 WL 1417525, at *5 (D.S.C. Mar. 21, 2018) ("The Court [ ] agrees with the Magistrate Judge that *Meyer* is distinguishable and that the additional evidence submitted by Plaintiff does not by itself require remand.").

provider for Plaintiff, however, she is a nurse practitioner and at the time of filing she was not considered an acceptable medical source. 20 C.F.R. § 416.902(a)(7). Medical opinions are "statements from acceptable medical sources," 20 C.F.R. § 416.927(a)(1), and no matter the source medical opinions must be reviewed. *Id.* at § 416.927(c); *see also* SSR 96-8p, 1996 WL 374184.

However, the court finds that Ms. Powell's opinion fills the evidentiary gap mentioned by the ALJ. Ms. Powell is not considered an "acceptable medical source," but her opinion can still be considered and weighed. 20 C.F.R. § 416.927(f)(1)-(2). In weighing Ms. Powell's opinion, "[t]he adjudicator generally should explain the weight given to opinions from [medical sources who are not acceptable medical sources] or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." Ms. Powell's evidence may have an effect on the outcome of the case, but it is not the court's role to weigh the evidence. *See Hays,* 907 F.2d at 1456. The court's role is to only ensure that the ALJ's determination is supported by substantial evidence and that the correct law is used, *Sherby,* 767 F. Supp. at 594. Because this new evidence fills an evidentiary gap explicitly noted by the ALJ, and because it is not the role of the court to weigh evidence, the court must remand this case.

## V.    CONCLUSION

For the reasons stated above, the court **REJECTS** the Report (ECF No. 32), and the Commissioner's Decision is **REVERSED** pursuant to 42 U.S.C. § 405(g) and **REMANDED** for further proceedings in accordance with this Order.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 30, 2018
Columbia, South Carolina